

ORDERED in the Southern District of Florida on July 30, 2025.

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,           Chapter 11 (Subchapter V)
CMX CINEMAS, LLC, and CB
THEATER EXPERIENCE LLC,[1]             Case No. 25-17559-LMI

                                                  (Jointly Administered)

Debtors.
_____/

### ORDER GRANTING DEBTORS' MOTION TO REJECT LEASES EFFECTIVE AS OF JULY 31, 2025

THIS MATTER came before the Court on July 29, 2025 at 10:30 a.m., upon the *Debtor's Motion to Reject Executory Contracts Effective as of July 31, 2025* (the "Motion") filed by Cinemex Holdings USA, Inc. ("Cinemex Holdings"), CMX Cinemas, LLC ("CMX") and CB Theater Experience, LLC ("CB Theater" and, with Cinemex Holdings and CMX, the "Debtors")

---

[1] The Debtors in these cases and the last four digits of each Debtors' federal tax identification number are as follows: (1) Cinemex Holdings USA, Inc. (5502); (2) CMX Cinemas, LLC (1938); and (3) CB Theater Experience LLC f/k/a Cobb Theater Experience LLC f/k/a Cinemex NC, LLC (0563). The address for the Debtors is 4300 Biscayne Blvd, Suite 203, Miami, FL 33137.

1

4915-7828-1817, v. 1

(ECF No. 112). The Court, having reviewed the Motion and the supporting documents thereto, finds that it has jurisdiction over the matter pursuant to 28 U.S.C. § 1334, that the Motion was properly filed and served, that this is a core proceeding pursuant to 28 U.S.C. § 157(b). It is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Debtors' rejection of each unexpired lease listed on **Exhibit A** to the Motion is approved pursuant to 11 U.S.C. 365(a), effective as of the later of (a) July 31, 2025 and (b) the date when the Debtors surrender the respective premises in broom-clean condition by notifying the affected landlord of the surrender and turning over all keys and security codes for the premises to the applicable lessor or an agent of the lessor (the "Rejection Date").

3. Effective as of the next business day following the Rejection Date, the automatic stay is modified to allow the lessor under each rejected lease to take possession of the premises, terminate the lease, and enforce all guarantees or other security relating to the lease.

4. The Debtors are authorized to abandon any of its right, title, and interest in personal property or fixtures located at each premises, free and clear of all liens, claims, encumbrances, interests and rights of the Debtors and third parties. The applicable lessor for each rejected lease may use, retain, sell, destroy or otherwise dispose of all such personal property and fixtures in its sole and absolute discretion without further notice or liability to any party holding any liens, claims, encumbrances, interests and rights in such property. Effective as of the next business day following the Rejection Date, the automatic stay of 11 U.S.C. 362(a) is modified to the extent necessary to allow for such use, retention, sale, destruction or disposal of such property; provided that any party holding any liens, claims, encumbrances, interests and rights in such property may seek relief from this paragraph 4 by motion within 14 days.

4915-7828-1817, v. 1

5.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.  This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

7.  **Any proof of claim for damages arising from the rejection must be filed with the court on or before the latest of: i) the time for filing a proof of claim pursuant to Bankruptcy Rule 3002(c); ii) 30 days after the entry of the order compelling or approving the rejection of the contract or lease; or iii) 30 days after the effective date of the rejection of the contract or lease.**

# # #

<u>Submitted By:</u>
Jeffrey P. Bast
Bast Amron LLP
One Southwest Third Avenue
Suite 1400
Miami, Florida 33131
Telephone: 305-379-7904
Email: jbast@bastamron.com

-and-

Patricia B. Tomasco
(Admitted *Pro Hac Vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7100
Email: pattytomasco@quinnemanuel.com

<u>Copies to:</u>

*Attorney Jeffrey P. Bast, who shall serve a copy of this order on all interested parties and file a certificate of service reflecting same.*

3

4915-7828-1817, v. 1