UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,          Chapter 11 (Subchapter V)
CMX CINEMAS, LLC, and CB
THEATER EXPERIENCE LLC,[1]          Case No. 25-17559-LMI

                                                                         (Jointly Administered)

         Debtors.
_____/

**DEBTORS' MOTION TO REJECT PLAZA CINEMA CAFÉ 12 LEASE
EFFECTIVE AS OF JUNE 30, 2025**

**(Hearing Requested August 12, 2025)**

*The Debtors are party to a lease, which they seek to reject as expeditiously as possible in order to preserve the assets of these estates and minimize to the greatest extent possible potential claims for administrative rent.*

*The Debtors respectfully request that the Court conduct a hearing on this Motion as soon as possible, but in any event no later than August 12, 2025, as the Debtors believe that a hearing on this Motion is needed immediately in order for the Debtors to best reduce the estates' potential exposure under this lease. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in the Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.*

         Cinemex Holdings USA, Inc. ("Cinemex Holdings"), CMX Cinemas, LLC ("CMX") and CB Theater Experience, LLC ("CB Theater" and, with Cinemex Holdings and CMX, the "Debtors") by and through their proposed undersigned counsel, pursuant to 11 U.S.C. § 365(a)

---

[1]       The Debtors in these cases and the last four digits of each Debtors' federal tax identification number are as follows: (1) Cinemex Holdings USA, Inc. (5502); (2) CMX Cinemas, LLC (1938); and (3) CB Theater Experience LLC f/k/a Cobb Theater Experience LLC f/k/a Cinemex NC, LLC (0563). The address for the Debtors is 4300 Biscayne Blvd, Suite 203, Miami, FL 33137.

1

and Bankruptcy Rule 6006, file this motion ("Motion") seeking the entry of an order approving the rejection, as of June 30, 2025, of the lease (the "Lease") described below. In support of this Motion, the Debtors rely upon the *Declaration in Support of First Day Pleadings* (ECF No. 13) (the "First Day Declaration"), and respectfully represent as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

## II. BACKGROUD

2. On June 30, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

3. The Debtors are operating their businesses and managing their affairs as a debtors-in-possession pursuant to section 1184 of the Bankruptcy Code.

4. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

5. CB Theater operates twenty-six movie theaters in seven different states, including Florida (with multiple theaters in South Florida), Alabama, Georgia, Illinois, North Carolina, Ohio, and Virginia. The theaters operate under the brand names "CMX Cinemas" and "CMX CinéBistro."

6. The long-term effects of COVID-19 have continued to undermine the Debtors' business, as attendance levels at movie theaters have remained significantly below pre-pandemic levels due to a shift in consumer behavior. Moreover, the explosive growth and availability of

numerous streaming platforms has reshaped the movie theater industry. Today, movie lovers are often streaming films from their own homes. These trends have had a direct and negative effect on box office revenues, as well as on ancillary revenues such as food and beverage sales.

### III.   THE LEASE

7.  The Debtors intend to reorganize their movie theater business, notwithstanding the continued impacts of the COVID-19 pandemic and the changes in consumer behavior. These Chapter 11 cases can and do provide the "breathing spell" to give the Debtors time to negotiate with landlords and pursue the best path to maximize value for all constituents.

8.  Nevertheless, the Debtors have determined that certain leases have proven to be not economically viable and an economic burden that may impede a successful reorganization. At this stage, the Debtors seek to reject the lease (the "Lease") with landlord RCS Plaza Retail Condos, LLC (the "Landlord") for the premises known as Plaza Cinema Café 12 (the "Premises"). The Lease is listed on **Exhibit A** annexed hereto. The Debtors ceased operations at and vacated the Premises on about March 24, 2025. Since that date, the Debtors and the Landlord engaged in discussions regarding the Lease, and the Debtors determined that rejection would be in the best interests of the Debtors, their reorganization, and their estates.

9.  The Debtors have removed all of their property from the Premises, with the exception of certain fixtures, furniture, and equipment that is of inconsequential value to the Debtors' estates. As such, the Debtors are seeking authority to abandon this personal property pursuant to 11 U.S.C. § 554 in connection with the lease rejection.

### IV.   RELIEF REQUESTED AND BASIS THEREFORE

10. By this Motion, the Debtors seek authority, pursuant to Bankruptcy Code section 365(a), to reject the Leases. The Debtors have determined in their business judgment that the

3

Leases are unnecessary to the administration of their bankruptcy cases and are burdensome to their estates.

11. Bankruptcy Code section 365(a) allows a debtor, subject to approval of the bankruptcy court, to assume or reject any executory contract or unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, No. 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994) (internal quotation marks omitted)).

12. A debtor's decision to assume or reject an executory contract or unexpired lease is subject to the "business judgment" test. *Byrd v. Gardinier, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 975-76 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, No. 08-40379-LMK, 2008 WL 8202063 at *2 (Bankr. N.D. Fla. Nov. 17, 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit this estate. *See id*.

13. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an executory contract or unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("[T]he bankruptcy court may not substitute its own judgment for that of a debtor unless the debtor's decision is so manifestly unreasonable that it must be based upon bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's

decision to assume or reject an unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an executory contract or unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523, 550-51 (1943).

14. In the case of the above-described Lease, rejection will relieve the Debtors' estates of significant administrative expenses that the Debtors do not believe fit into their reorganization planning. The Debtors are concerned that the Lease would potentially create obligations of the Debtors that could unnecessarily drain the Debtors' resources compared to the benefits associated with the Lease. Also, the Debtors do not believe that the Lease has any value that can be achieved through an assumption and assignment to a third party. Therefore, maintaining the Lease would impose unnecessary costs and burdens on the Debtors' estates with no commensurate benefit.

15. The amounts owing under the Lease will accrue as administrative expenses unless the Debtors reject them. Because the Debtors will not profit from the continued performance under the Lease, and rejection will avoid the accrual of administrative expenses, it necessarily follows that rejection of the Lease as of June 30, 2025 is a decision made in the sound exercise of the Debtors' business judgment. As such, the Debtors have concluded that this rejection of the Lease is in the best interests of creditors and the Debtors' estates.

V.  **CONCLUSION**

16. Rejection of the Lease represents a sound business decision by the Debtors. The rejection of the Lease will free the Debtors of unnecessary administrative expenses and preserve much-needed cash for the Debtors' reorganization efforts. Under the circumstances, rejection of the Leases effective as of June 30, 2025, is warranted.

4904-4245-5129, v. 1

WHEREFORE, the Debtors respectfully request that the Court grant the Motion, enter an order substantially in the form annexed hereto as **Exhibit B**, and grant such other and further relief as is just and proper.

Dated: August 1, 2025

                Respectfully Submitted,

                BAST AMRON LLP
                One Southeast Third Avenue, Suite 2410
                Miami, FL 33131
                Telephone: (305) 379.7904
                Email: jbast@bastamron.com
                Email: jleggett@bastamron.com

                By:  */s/ Jaime B. Leggett*
                Jeffrey P. Bast, Esq. (FBN 996343)
                Jaime B. Leggett, Esq. (FBN 1016585)

                -and-

                QUINN EMANUEL URQUHART & SULLIVAN, LLP

                Patricia B. Tomasco (admitted *pro hac vice*)
                700 Louisiana, Suite 3900
                Houston, Texas 77002
                Telephone: 713-221-7000
                Facsimile: 713-221-7100
                Email: pattytomasco@quinnemanuel.com

                -and-

                Alain Jaquet (admitted *pro hac vice*)
                1300 I Street NW, Suite 900
                Washington, D.C. 20005
                Telephone: 202-538-8000
                Facsimile: 202-538-8100
                Email: alainjaquet@quinnemanuel.com

                -and-

Razmig Izakelian (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: razmigizakelian@quinnemanuel.com

*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on August 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

*/s/ Jaime B. Leggett*
Jaime B. Leggett, Esq.

## Exhibit A

## List of Leases

| Theater Name | Street Address | Lessee | Lessor |
|---|---|---|---|
| Plaza Cinema Cafe | 155 South Orange Avenue, Orlando, FL 32801 | CB Theater Experience LLC | RCS Plaza Retail Condos, LLC |

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
http://www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,     Chapter 11 (Subchapter V)
CMX CINEMAS, LLC, and CB
THEATER EXPERIENCE LLC,[2]     Case No. 25-17559-LMI

                                                   (Jointly Administered)

Debtors.
_____/

**ORDER GRANTING DEBTORS' MOTION TO REJECT
PLAZA CINEMA CAFÉ 12 LEASE EFFECTIVE AS OF JUNE 30, 2025**

THIS MATTER came before the Court on August 12, 2025 at 2:00 p.m., upon the *Debtor's Motion to Reject Plaza Cinema Café 12 Lease Effective as of June 30, 2025* (the "Motion") filed by Cinemex Holdings USA, Inc. ("Cinemex Holdings"), CMX Cinemas, LLC ("CMX"), and CB

---

[2] The Debtors in these cases and the last four digits of each Debtors' federal tax identification number are as follows: (1) Cinemex Holdings USA, Inc. (5502); (2) CMX Cinemas, LLC (1938); and (3) CB Theater Experience LLC f/k/a Cobb Theater Experience LLC f/k/a Cinemex NC, LLC (0563). The address for the Debtors is 4300 Biscayne Blvd, Suite 203, Miami, FL 33137.

09923-00001/12150285.4

Theater Experience, LLC ("CB Theater" and, with Cinemex Holdings and CMX, the "Debtors") (ECF No. ___). The Court, having reviewed the Motion and the supporting documents thereto, finds that it has jurisdiction over the matter pursuant to 28 U.S.C. § 1334, that the Motion was properly filed and served, that this is a core proceeding pursuant to 28 U.S.C. § 157(b).

It is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Debtors' rejection of the unexpired lease listed on **Exhibit A** to the Motion is approved pursuant to 11 U.S.C. 365(a), effective as of June 30, 2025.

3. The Debtors are authorized to abandon any of its right, title, and interest in personal property or fixtures located at each premises, free and clear of all liens, claims, encumbrances, interests and rights of the Debtors and third parties. The applicable lessor for each rejected lease may use, retain, sell, destroy or otherwise dispose of all such personal property and fixtures in its sole and absolute discretion without further notice or liability to any party holding any liens, claims, encumbrances, interests and rights in such property. The automatic stay of 11 U.S.C. 362(a) is modified to the extent necessary to allow for such use, retention, sale, destruction or disposal of such property; provided that any party holding any liens, claims, encumbrances, interests and rights in such property may seek relief from this paragraph 3 by motion within 14 days.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

4904-4245-5129, v. 1

6. **Any proof of claim for damages arising from the rejection must be filed with the court on or before the latest of: i) the time for filing a proof of claim pursuant to Bankruptcy Rule 3002(c); ii) 30 days after the entry of the order compelling or approving the rejection of the contract or lease; or iii) 30 days after the effective date of the rejection of the contract or lease.**

# # #

Submitted By:
Jeffrey P. Bast
Bast Amron LLP
One Southwest Third Avenue
Suite 1400
Miami, Florida 33131
Telephone: 305-379-7904
Email: jbast@bastamron.com

-and-

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7100
Email: pattytomasco@quinnemanuel.com

Copies to:

*Attorney Jeffrey P. Bast, who shall serve a copy of this order on all interested parties and file a certificate of service reflecting same.*