

**ORDERED in the Southern District of Florida on August 13, 2025.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
http://www.flsb.uscourts.gov

In re:

CINEMEX HOLDINGS USA, INC.,
CMX CINEMAS, LLC, and CB
THEATER EXPERIENCE LLC,[1]

Debtors.

_____/

Chapter 11 (Subchapter V)

Case No. 25-17559-LMI

(Jointly Administered)

**ORDER GRANTING DEBTORS' MOTION TO REJECT
PLAZA CINEMA CAFÉ 12 LEASE EFFECTIVE AS OF JUNE 30, 2025**

THIS MATTER came before the Court on August 12, 2025 at 2:00 p.m., upon the *Debtor's*

*Motion to Reject Plaza Cinema Café 12 Lease Effective as of June 30, 2025* (the "Motion") filed

by Cinemex Holdings USA, Inc. ("Cinemex Holdings"), CMX Cinemas, LLC ("CMX"), and CB

---

[1] The Debtors in these cases and the last four digits of each Debtors' federal tax identification number are as follows: (1) Cinemex Holdings USA, Inc. (5502); (2) CMX Cinemas, LLC (1938); and (3) CB Theater Experience LLC f/k/a Cobb Theater Experience LLC f/k/a Cinemex NC, LLC (0563). The address for the Debtors is 4300 Biscayne Blvd, Suite 203, Miami, FL 33137.

Theater Experience, LLC ("CB Theater" and, with Cinemex Holdings and CMX, the "Debtors") (ECF No. 146). The Court, having reviewed the Motion and the supporting documents thereto, finds that it has jurisdiction over the matter pursuant to 28 U.S.C. § 1334, that the Motion was properly filed and served, that this is a core proceeding pursuant to 28 U.S.C. § 157(b).

It is hereby ORDERED as follows:

1.      The Motion is GRANTED.

2.      The Debtors' rejection of the unexpired lease listed on **Exhibit A** to the Motion is approved pursuant to 11 U.S.C. 365(a), effective as of June 30, 2025.

3.      The Debtors are authorized to abandon any of its right, title, and interest in personal property or fixtures located at each premises, free and clear of all liens, claims, encumbrances, interests and rights of the Debtors and third parties. The applicable lessor for each rejected lease may use, retain, sell, destroy or otherwise dispose of all such personal property and fixtures in its sole and absolute discretion without further notice or liability to any party holding any liens, claims, encumbrances, interests and rights in such property. The automatic stay of 11 U.S.C. 362(a) is modified to the extent necessary to allow for such use, retention, sale, destruction or disposal of such property; provided that any party holding any liens, claims, encumbrances, interests and rights in such property may seek relief from this paragraph 3 by motion within 14 days.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

4936-7769-0206, v. 1

6.      **Any proof of claim for damages arising from the rejection must be filed with the court on or before the latest of: i) the time for filing a proof of claim pursuant to Bankruptcy Rule 3002(c); ii) 30 days after the entry of the order compelling or approving the rejection of the contract or lease; or iii) 30 days after the effective date of the rejection of the contract or lease.**

# # #

Submitted By:
Jeffrey P. Bast
Bast Amron LLP
One Southwest Third Avenue
Suite 1400
Miami, Florida 33131
Telephone: 305-379-7904
Email: jbast@bastamron.com

-and-

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7100
Email: pattytomasco@quinnemanuel.com

Copies to:

*Attorney Jeffrey P. Bast, who shall serve a copy of this order on all interested parties and file a certificate of service reflecting same.*

4936-7769-0206, v. 1