

**ORDERED in the Southern District of Florida on August 13, 2025.**

**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| CINEMEX HOLDINGS USA, INC., CMX CINEMAS, LLC, and CB THEATER EXPERIENCE LLC,[1] | Chapter 11 (Subchapter V) |
| | Case No. 25-17559-LMI |
| | (Jointly Administered) |
| Debtors. _____/ | |

### ORDER GRANTING DEBTORS' AMENDED MOTION TO REJECT CMX VILLAGE 14 LEASE EFFECTIVE AS OF JULY 31, 2025

THIS MATTER came before the Court on August 12, 2025 at 2:00 p.m., upon the *Debtors' Amended Motion to Reject CMX Village 14 Lease Effective as of July 31, 2025* (the "Motion") filed by Cinemex Holdings USA, Inc. ("Cinemex Holdings"), CMX Cinemas, LLC ("CMX"), and

---

[1] The Debtors in these cases and the last four digits of each Debtors' federal tax identification number are as follows: (1) Cinemex Holdings USA, Inc. (5502); (2) CMX Cinemas, LLC (1938); and (3) CB Theater Experience LLC f/k/a Cobb Theater Experience LLC f/k/a Cinemex NC, LLC (0563). The address for the Debtors is 4300 Biscayne Blvd, Suite 203, Miami, FL 33137.

1

CB Theater Experience, LLC ("CB Theater" and, with Cinemex Holdings and CMX, the "Debtors") (ECF No. 161). The Court, having reviewed the Motion and the supporting documents thereto, finds that it has jurisdiction over the matter pursuant to 28 U.S.C. § 1334, that the Motion was properly filed and served, that this is a core proceeding pursuant to 28 U.S.C. § 157(b). It is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Debtors' rejection of the unexpired lease listed on **Exhibit A** to the Motion (the "Lease") with landlord TRC Leesburg Retail Owner, L.L.C. as successor-in-interest to CRP/TRC Leesburg Retail Owner, L.L.C. and Carlyle/Cypress Leesburg I, LLC (the "Landlord") is approved pursuant to 11 U.S.C. 365(a), effective as of July 31, 2025.

3. Commencing August 1, 2025, the Debtors may remain in possession of the leased premises and continue operating in the same subject to the Lease (the "Premises") on a month-to-month tenancy as hereinafter provided with the only amount owing to the Landlord for such occupancy being an amount equal to fifty percent (50%) of the EBITDA derived from operations at the Premises prior to any charge for Rent[2] (i.e. the Debtors' Earnings Before Interest, Taxes, Depreciation, and Amortization as calculated prior to the charge for Rent) as reported by the Debtors' for each thirty (30) day period of the Debtors' occupancy (the "Percentage Rent"). The Percentage Rent for each such period shall constitute an allowed administrative claim and shall be due to the Landlord and payable on or before the eighth (8th) day of each month for the charge attributable to the preceding month. The entry of Debtors CB Theater and Cinemex Holdings into the Letter Agreement provided as **Exhibit B** to the Motion is APPROVED. For the avoidance of

---

[2] Capitalized terms not otherwise defined herein shall be afforded the same meaning as under the Lease.

2

doubt, Debtor CMX is not entering into the Letter Agreement or otherwise incurring liability thereunder.

4. The Debtors shall continue operating their business in the Premises through at least 5 p.m. prevailing Eastern Time on August 31, 2025, in accordance with the terms of the Lease, as modified by this Order, but otherwise through the Termination Date (defined herein).

5. Either the Landlord or the Debtors may terminate this month-to-month tenancy upon thirty (30) days' prior written notice to the other party (with the effective date of such termination being the "Termination Date"). In the event of such termination, the Landlord and the Debtors shall cooperate in good faith to ensure an orderly surrender of the Premises to the Landlord to occur no later than three (3) business days after the Termination Date.

6. Through the time that the Debtors surrender the Premises to the Landlord, the Debtors shall cooperate in good faith with the Landlord to transition business operations in the Premises to a new operator as such may be identified by the Landlord.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

9. **Any proof of claim for damages arising from the rejection must be filed with the court on or before the latest of: i) the time for filing a proof of claim pursuant to Bankruptcy Rule 3002(c); ii) 30 days after the entry of the order compelling or approving the rejection of the contract or lease; or iii) 30 days after the effective date of the rejection of the contract or lease.**

# # #

Submitted By:
Jeffrey P. Bast
Bast Amron LLP
One Southwest Third Avenue
Suite 1400
Miami, Florida 33131
Telephone: 305-379-7904
Email: jbast@bastamron.com

-and-

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7100
Email: pattytomasco@quinnemanuel.com

Copies to:

*Attorney Jeffrey P. Bast, who shall serve a copy of this order on all interested parties and file a certificate of service reflecting same.*