UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CINEMEX HOLDINGS USA, INC,           Case No.: 25-17559-CLC
CMX CINEMAS, LLC,           Case No.: 25-17561-LMI
CB THEATER EXPERIENCE, LLC,           Case No.: 25-17563-LMI

    Debtors.           Chapter 11 (Subchapter V)
_____/           (Jointly Administered)

## THE GRAHAM COMPANIES' LIMITED OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED SUBCHAPTER V PLAN OF REORGANIZATION

**THE GRAHAM COMPANIES,** through undersigned counsel, files its Limited Objection to Confirmation of the Amended Subchapter V Plan of Reorganization for the Debtors Cinemex Holdings USA, Inc. ("Cinemex Holdings"), CMX Cinemas, LLC ("CMX Cinemas"), and CB Theater Experience LLC ("CB Theater", and together with Cinemex Holdings and CMX Cinemas, "Cinemex" or the "Debtors") [D.E. 201] (the "Amended Plan"), and in support, would show:

The Debtor's Amended Plan in its current form should not be confirmed. The Graham Companies leases a movie theater to CB Theater in Miami Lakes, Florida (the "Lease"). It appears likely CB Theater will assume the Lease, though it has not yet done so. However, the Amended Plan's provisions regarding assumption are problematic and do not comply with the overarching requirement of Section 365 of the Bankruptcy Code that when assuming an executory contract "… it's all or nothing." *Matter of Thornhill Brothers Fitness, L.L.C.*, 85 F.4th 321, 325 (5th Cir. 2023). "An executory contract must be assumed or rejected in its entirety." *Matter of Provider Meds, LLC*, 907 F.3d 845, 851 (5th Cir. 2018) (citation omitted). "A debtor cannot use § 365 to create a different deal than the one it had originally." *Thornhill* at 326.

The current plan, as presently formulated, improperly seeks to permit CB Theater to cherry pick provisions of the Lease it likes while dispensing with provisions or obligations under the Lease it does not like. By way of example only, there are indemnification provisions in the Lease in which CB Theater indemnifies The Graham Companies. Section 28.1 of the Lease provides: "Tenant agrees to indemnify and save harmless Landlord from any claim or loss (including, without limitation, reasonable attorneys' fees) by reason of an accident or damage to any person or property happening on the Demised Premises caused by the negligent act or omission of Tenant or Tenant's customers, contractors or employees." There is currently one such claim, which is referenced in The Graham Companies' proof of claim. That claim was supposed to have been settled but that settlement has not been concluded, nor has it been performed by the Plaintiff.

The Second Amended Plan at p. 11 includes a provision seeking to release and deem fully and finally satisfied all "Claims" under unexpired leases that are assumed or assumed and assigned pursuant to the plan subject only to satisfaction of the cure amount. The same provision also provides that "[a]ny proofs of claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned … shall be deemed disallowed and expunged … upon the deemed assumption of such executory contract or unexpired lease." These provisions improperly seek to assume some but not all of the provisions of the Lease with The Graham Companies. Accordingly, such provisions, and any other provisions of the Amended Plan that permit the assumption of some but not all of the provisions of the Lease must be removed. CB Theater must take the provisions of the Lease *cum onere*, taking the burdens with the benefits.

Further, The Graham Companies joins in the Limited Objection of Brookfield Landlord to Confirmation of Debtors' Amended Plan of Reorganization (Doc. 285) and reserves all rights.

Respectfully submitted this 7th day of October, 2025

                              NASON, YEAGER, GERSON, HARRIS & FUMERO, P.A.
*James D. Silver*
*Counsel for The Graham Companies*
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, Florida 33410
Telephone: (561) 686 3307
jsilver@nasonyeager.com
raldama@nasonyeager.com
By: *s/ James D. Silver*
James D. Silver
Florida Bar No.: 373702

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 7, 2025, a true and correct copy of the foregoing has been furnished via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record and pro se parties authorized to receive electronically Notices of Electronic Filing in this case.

                              */s/ James D. Silver*
                              James D. Silver